Van Vorst, J.
(dissenting). I cannot concur in the disposition made of this case by the referee, nor in the result reached by Sedgwick, Oh. J.
The plaintiff had purchased from the defendant, his relative, in whose statements he had reason to suppose he might place confidence, twenty-two shares of stock in “ The Linseed, and Sperm Oil Company,” at one thousand dollars a share, and purchased additional shares of defendant’s brothers, upon similar representations. The representations of the defendant, which induced the plaintiff to buy these shares, were material. They referred to the condition of the company, and the value of the stock. The representations proved to be false.
These conditions authorized the plaintiff to return the shares, purchased from the defendant, and to demand from the defendant, the price he had paid for them. In other words he might rescind the sale. Dealing with a relative, with whom he had been on friendly terms, his. movements in the direction of a rescission were not so direct, prompt and decisive, as they would have been, had he been dealing with strangers. On purchasing these shares, the plaintiff became a trustee and the president of the company. This was in pursuance of the understanding of' the parties. Shortly after assuming the duties of his office as trustee, and in June, 18J6, and from an examination of the books of the corporation, he discovered the facts, which showed that the capital of the company was largely impaired, and that his stock was worthless. Plaintiff at once, and in a kindly manner, called the defendant’s attention to the facts, and to the worthlessness of his stock. He *194 submitted statements taken from the books. The defendant could find nothing to substantially impeach the truthfulness of the plaintiff’s discoveries from the books. He claimed some errors, but not enough to materially change the result reached. On June 28, the defendant wrote the plaintiff a letter, in which he said, “ I need not write to you that anything in my power to do, will be done, to keep you from loss.”
The defendant did however, claim at the same time, that «there was a much larger stock of seed on hand, than they had supposed, which would make the condition of the company better, and that there were other assets of of the company, of which the plaintiff had no knowledge. Defendant also claims that when the seed was worked up the condition of the company would be found to be improved. The plaintiff then told the defendant that, relying upon such statements, and that the defendant would save him from loss, he would remain in the company until the seed was worked up. The seed was worked up by the latter part of October following, but the affairs of the company were not at all improved. The result was the same as when plaintiff discovered the real condition of the company in June. About the last of October the plaintiff informed the defendant, that he expected that he would hold him harmless, and pay him the money for the stock, and that he wanted him to give a written obligation, that he would get the money that he had put in the concern for his benefit. Plaintiff told the defendant in this interview, that he could have the stock, that it was worthless, and that he expected that he would pay back the money which he had received for it.
The certificates for the shares, it appears, were not actually transferred to the defendant until November 10 or 12, when an undertaking of indemnity was executed by the defendant, and his wife, the purpose of which was to save the plaintiff harmless from the debts and liabilities of the company, to which he might be exposed from havbeen a stockholder and trustee of the corporation. This *195 obligation made no provision for payment for the shares, nor has defendant returned to the plaintiff, the money paid by him on the purchase of the shares.
In giving this bond of indemnity, the defendant did not come up to the measure of his liability to the plaintiff. And in executing and delivering it, he was only moving in the direction which he had clearly undertaken to pursue in his letter of June 28, to hold plaintiff from loss.
The plaintiff is still, however, out of pocket, through the purchase of these shares, from the defendant, in the sum of $22,000, and upwards.
It was held by the referee that the bond of indemnity was the result of a new arrangement between the parties, inconsistent with a right of rescission, or a demand at this ■ time for the price paid for these shares. I do not put such construction upon the bond of indemnity, nor the letters of the parties. I do not understand from the case, that the plaintiff when he received that undertaking, gave up, or intended to give up, his demand or claim for the money he had paid for the stock, and which moneys the defendant used to extinguish, joro tanto, his obligations to the corporation. The certificates for the stock itself, as the plaintiff testifies, he delivered to the defendant on or about the first of November, with a demand for payment. The transfer of the shares was not however, made until about the 11th day of the month. According to the evidence, the debts of the company did not cause the plaintiff alarm, as he believed there were assets sufficient to pay them.
That his stock had become valueless or substantially so, through the loss of three-quarters of the capital of the corporation, was the fact upon which his claim and demand against the defendant rested. For that, he seeks indemnity in the action.
I cannot find and do not believe under the evidence, that he ever intended, in his negotiations with the defendant, to abandon such substantial claim, or that his delivery of the shares to the defendant, under the circuxn *196 stances, is to be considered otherwise than as an effort to get back his money.
It was suggested on the argument that the bond of indemnity guarantees the plaintiff against liability from his ownership of the shares purchased from the brothers of the defendant, in addition to these he acquired from the defendant himself. But in guaranteeing against liability as the owner of all the shares, the defendant was doing nothing more, than discharging his duty. He had promised to secure the plaintiff against all loss by his letter of June 28.
The referee has found as a fact, that the plaintiff bought all the shares relying upon the representation m'ade by the defendant.
That was consideration sufficient to sustain the promise made, and feeling the force of such obligation he made the original promise.
The judgment should be reversed, with costs to abide the event.